## ASSAD v DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF VETERINARY MEDICINE

Case No. 86-4720F

State of Florida, Division of Administrative Hearings

June 12, 1987

### APPEARANCES OF COUNSEL

**Edwin R. Hudson** for petitioner.

**H. Reynolds Sampson** for respondent.

### OPINION

WILLIAM R. CAVE, Hearing Officer.

### *FINAL ORDER*

Pursuant to Notice, the Division of Administrative Hearings, by its

duly designated Hearing Officer, William R. Cave, held a formal hearing in this case on April 10, 1987 in Tallahassee, Florida. The issue for determination is whether Petitioner is entitled to attorney's fees and costs under Section 57.111, *Florida Statutes*, the Florida Equal Access Justice Act.

## BACKGROUND

Petitioner, in support of his request for attorney's fees and cost testified in his own behalf and presented the testimony of James M. Donohue. Petitioner's exhibits A-1 and A-2 were received into evidence. Respondent presented the testimony of William M. Furlow and Luke Blanton, D.V.M.. Respondent's exhibits 1A-16A were received into evidence. The parties stipulated that the files of the Division of Administrative Hearings case numbers 85-2853, 86-0122 and 86-2305 would by reference be included as evidence in this proceeding.

The parties submitted posthearing proposed Findings of Fact and Conclusions of Law. A ruling on each proposed finding of fact has been made as reflected in the Appendix of this Final Order.

## FINDINGS OF FACT

Upon consideration of the oral and documentary evidence adduced at the hearing, the following relevant facts are found:

1. On or about June 27, 1985, a probable cause panel of the Board of Veterinary Medicine met to receive and review investigative reports resulting from complaints received from certain individuals concerning Petitioner's treatment of their pets.

2. Previous to the meeting of the probable cause panel, Luke Blanton, D.V.M. (Blanton) reviewed the factual allegations in the investigative reports and opined, that if subsequently proven, they would constitute the negligent or incompetent practice of veterinary medicine.

3. Based on the investigative reports and Blanton's opinion concerning the factual allegations, the panel found probable cause that Petitioner's activities had violated applicable statutory provisions, and subsequently, on or about July 12, 1985, a three-count Administrative Complaint was issued against Petitioner charging him with: (a) making misleading, deceptive, untrue or fraudulent representations in the practice of his profession; (b) violating a lawful order of the Board or Department previously entered in a disciplinary hearing and; (c) being found guilty of fraud, deceit, negligence, incompetence and misconduct in the practice of veterinary medicine.

202

4. Petitioner disputed the allegations contained in the Administrative Complaint and requested a formal hearing pursuant to Section 120.57(1), *Florida Statutes.* The case was sent to the Division of Administrative Hearings to conduct an evidentiary hearing and to issue an Recommended Order based thereon. The matter was given Division of Administrative Hearings' Case Number 85-2853.

5. On or about August 7, 1985, the attorney for Petitioner discussed possible settlement with Respondent's attorney but no settlement agreement was reached. Petitioner was willing to accept sanctions such as an administrative fine, continuing veterinary education and certain supervisions over his practice but Respondent was seeking revocation or long-term suspension of license which was not acceptable to Petitioner.

6. On or about December 6, 1985, a probable cause panel of the Board of Veterinary Medicine met to receive and review an investigative report concerning the Petitioner's operation of a veterinarian establishment without a premises permit. The panel found probable cause that Petitioner's failure to obtain a premises permit violated the applicable statutory provisions, and subsequently, on or about December 24, 1985 an Administrative Complaint was issued against Petitioner charging him with failure to obtain and possess a premises license.

7. Petitioner disputed the allegations contained in the Administrative Complaint and requested a formal hearing pursuant to Section 120.57(1) *Florida Statutes.* The case was sent to the Division of Administrative Hearings to conduct an evidentiary hearing and to issue a Recommended Order based thereon. The matter was given Division of Administrative Hearings's Case Number 86-0122. By order dated January 23, 1986 Case Number 86-0122 was consolidated with Case Number 85-2853.

8. On or about May 18, 1986, a probable cause panel of the Board of Veterinary Medicine met to receive and review investigation reports resulting from complaints received from certain individuals concerning Petitioner's treatment of their pets.

9. Previous to the meeting of the panel, Blanton reviewed the factual allegations in the investigative reports and opined, that if subsequently proven, they would constitute the negligent and incomplete practice of veterinary medicine.

10. Based on the investigative reports and Blanton's opinion concerning the factual allegations, the panel found probable cause

that Petitioner's activities had violated applicable statutory provisions, and subsequently, on or about May 28, 1986, a two-count Administrative Complaint was issued against Petitioner charging him with: (a) being guilty of negligent and incompetency in the practice of veterinary medicine; and (b) being guilty of fraud, negligence, incompetency, or misconduct in the practice of veterinary medicine.

11. Petitioner disputed the allegations contained in the Administrative Complaint and requested a formal hearing pursuant to Section 120.57(1), *Florida Statutes*. The case was sent to the Division of Administrative Hearings to conduct an evidentiary hearing and to issue a Recommended Order based thereon. The matter was given Division of Administrative Hearings's Case Number 86-2305. By order dated September 6, 1986, Case Number 86-2305 was consolidated with Case Numbers 85-2853 and 86-0122.

12. Several months prior to setting up his veterinary practice, Petitioner had requested inspection by Respondent for the issuance of a premises permit. Respondent did not inspect Petitioner's premises before he was ready to open, therefore, Petitioner began his practice without a premises permit. Based on Respondent's failure to comply with Petitioner's timely request the charges in Case No. 86-0122 were dropped and a notice of Voluntary Dismissal was filed and Case No. 86-0122 was closed.

13. On or about October 1, 1986, Respondent filed a Motion to Amend its Administrative Complaint in Case No. 85-2852 which was granted by order dated October 3, 1986. The effect of the amendment was to delete five (5) of the six (6) individual complaints. The reasons for the amendment was the unavailability of certain witnesses and the unwillingness of other witnesses to testify.

14. On or about October 1, 1986, Respondent filed a Motion to Amend the Administrative Complaint in Case No. 86-2305 which was granted by order dated October 3, 1986. The effect of the amendment was that certain facts were deleted or expanded, but the basic charges remained.

15. On or about October 17, 1986, the parties entered into a Pre-Hearing Stipulation which indicated a clear dispute of fact as to the three (3) remaining incidents which were scheduled to go to hearing.

16. Prior to the hearing, the parties entered into a settlement

204

stipulation dismissing all remaining charges and provided, among other things, for: (a) a formal reprimand of Petitioner by the Board; (b) the restriction of Petitioner's veterinary practice for one (1) year, during which time Petitioner shall practice under the supervision of another licensed veterinarian for at least three (3) days per month; and (c) Petitioner to successfully complete the Central Florida Academy of Veterinary Medicine, Inc. seminar series for 1986-1987.

17. Upon presentation to the Board of Veterinary Medicine certain paragraphs of the settlement stipulation were amended which nonetheless resulted in dismissing all remaining cases and charges. The amended stipulated settlement provided, among other things, for: (a) formal reprimand of Petitioner by the Board; (b) imposition of a $500.00 administrative fine; (c) restriction on Petitioner's veterinary practice with specific supervision of surgical practice; and (d) mandatory attendance of all sessions of the Central Florida Academy of Veterinary Medicine, Inc., seminar series for eighteen (18) months as continuing education.

18. The billing invoice and the time records attached to Petitioner's attorney's affidavit does not detail the amount of time expended on each individual case but shows the total time expended on all three (3) cases and the testimony of Petitioner's attorney did not shed any light in this regard.

19. The evidence is clear and unrebutted that the Petitioner is a "small business party" as that term is defined in Section 57.111(3)(d), *Florida Statutes.*

20. The evidence is clear that the administrative proceedings material to this proceeding were initiated by the Respondent, a state agency.

## *CONCLUSIONS OF LAW*

1. The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, this proceeding pursuant to Section 120.111(4) and 120.57(1), *Florida Statutes.*

2. This case arises under the Florida Equal Access to Justice Act (FEAJA), Section 57.111, *Florida Statutes,* which provides in pertinent part:

(4)(a) Unless otherwise provided by law, an award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to

**205**

chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.

3. The Petitioner has met his burden of show that the administrative proceedings material to this proceeding were initiated by the Respondent, a state agency.

4. Under FEAJA only "small business parties" are eligible for an award of attorney's fees and costs incurred in defending against agency action. Petitioner has met his burden to show that he comes within the definition of a "small business party" as that term is defined in Section 57.111(3)(d), *Florida Statutes.*

5. Section 57.111(3)(c), *Florida Statutes* defines a "prevailing small business party" and in pertinent part provides:

(3) As used in this section:

  .   .   .   .   .   .   .   .   .   .   .

(c) A small business party is a "prevailing small business party" when:

  .   .   .   .   .   .   .   .   .   .   .

2. A settlement has been obtained by the small business party which is favorable to the small business party on the majority of issues which such party raised during the course of the proceeding; or 3. The state agency has sought a voluntary ismissal of its complaint.

6. Here, the Respondent voluntarily dismissed Case Number 86-0122 and entered into a stipulated settlement with Petitioner in the remaining two (2) cases. Clearly, the Petitioner is a "prevailing small business party" in Case No. 86-0122. However, the issue of "prevailing small business party" is not as clear in Case Numbers 85-2853 and 86-2305. There, the Respondent dropped five (5) of the six (6) remaining charges in Case No. 85-2853 and entered into a "stipulated settlement" with Petitioner which dismissed the remaining charges in both Case Number 85-2853 and Case Number 86-2305.

7. When Petitioner first discussed settlement with Respondent, the incidents giving rise to the three counts in Case No. 85-2853 had not been amended and a settlement, such as the one finally adopted by the Board, would have been a "favorable settlement" for the Petitioner. However, a settlement wherein the Petitioner agrees to be subjected to four (4) of the six (6) possible penalties provided in Section 474.214(2), *Florida Statutes* after the administrative complaint is amended deleting five (5) of the six (6) incidents giving rise to the charge contained in Case Number 85-2853 is not a "favorable settlement" to the Petitioner

notwithstanding that the settlement also disposed of the two (2) charges contained in Case Number 86-2305. Therefore, Petitioner has failed to meet his burden to show that he was the "prevailing party" in Case Numbers 85-2853 and 86-2305. Even assuming *arguendo* that Petitioner was the "prevailing party", he is entitled to recover attorney's fees and costs only if Respondent is unable to show that its action were "substantially justified" or that "special circumstances exist which would make the award unjust."

8. FEAJA entitles a prevailing small business party to recover attorney's fees and costs "unless the action of the agency were substantially unjustified or special circumstances exist which would make the award unjust." Section 57-111(4)(a), *Florida Statutes*. A proceeding is "substantially justified" if it had a reasonable basis in law and fact at the time it was initiated. Section 57.111(3)(e), *Florida Statutes.*

9. Based on evidence presented, Respondent has established by the requisite level of proof that its action were substantially justified in Case Numbers 85-2853, 86-0122 and 86-2305. Section 455.225(3), *Florida Statutes* requires the Respondent to follow the directions of a probable cause panel with regard to the filing and prosecution of a formal complaint. In Case Numbers 85-2853, 86-0122 and 86-2305, three (3) separate probable cause panels of the Board of Veterinary Medicine did find probable cause that Petitioner violated applicable statutory provisions, and as a result thereof an Administrative Complaint was issued against Petitioner in each case. By initiating its action after the finding of probable cause in each case in accordance with Section 455.225(3), *Florida Statutes,* Respondent was substantially justified in its actions in each case. The finding of the probable cause panel in each case establishes that there was "a reasonable basis in law and in fact" for initiating the action in each case. It is therefore,

Ordered that the Application for Award of Attorney's Fees and Cost on behalf of Petitioner is DENIED.

DONE and ORDERED this 12th day of June, 1987, in Tallahassee, Leon County, Florida.